Hemphill, Ch. J.
The appellee has not appeared in this court, and the brief of tiie appellant goes no further than simply to present what are deemed the errors of the judgment, but without argument or reference to authorities.
The principal question is whether the plaintiff was bound to prove that lie had used some diligence in presenting or attempting to collect the order from McMullen, the drawee. This order being for payment in the store — equivalent io payment in store goods — is not a bill "of exchange, as known to commercial law, and tiie payee would not be bound to tiie saíne diligence, in presenting its collection, in order to enforce tiie secondary liability of tiie drawer; but certainly iie was bound to use some efforts to "make it "available against the drawee. Whether it be a commercial instrument or not, tiie undertaking of the parties is that the payee will make some attempt at collection. If tiie "law be that tiie drawer, in an order not commercial, is liable on the original claim, unless lie can prove that he was injured by the neglect of tiie payee to present, and subsequent failure to use legal diligence in collection, the suit should have been brought on the original claim, anil not, as in this case, on tiie order, with all the allegations pertinent and necessary in an action against a drawer on a morcautile"bill of exchange.
■ Tiie plaintiff having alleged tiie facts of presentment, refusal, and notice, it was incumbent on him to prove those facts, or at least that the drawer was not injured by his neglect. The defendant could not have supposed that, under such allegations, he was bound in bis defense to prove that the order had not been presented, and that by such failure he had suffered injury.
Note 57. — Same case, 13 T., 257.
Tlie defendant, it seems, would have heen satisfied with proof of the signature of the drawee to what lie called his protest; and we are of opinion that the court erred in overruling the objection to the want of such proof. The plaintiff was not under the necessity of proving tlie identity of J. H. with C. McVulle.n. This had been impliedly admitted in the amended answer of the defendant.
Judgment reversed and cause remanded for a new trial.
Reversed and remanded.